IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON E. PELLUM, Sr.

    Plaintiff,                      No. 2:13-cv-0651 AC P

    vs.

THE WHITE HOUSE, et al.,

    Defendants.                 <u>ORDER</u>

         Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

         Plaintiff has not submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, because this case calls for summary dismissal, the court will not require plaintiff to submit the in forma pauperis application required for this district.

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

*Screening Standards*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the court need not accept as true allegations that are fanciful, fantastic or delusional; such allegations

are by definition frivolous.  <u>Neitzke</u>, 490 U.S. at 327.

*The Complaint*

This case plaintiff purports to sue "the White House," President Barrack Obama, First Lady Michelle Obama and unnamed White House staffers.  <u>See</u> Complaint.  Count One purports to state a claim for Intentional Infliction of Injury Upon A Pregnant Victim.  Plaintiff relies on Cal. Pen. Code § 12022.9, a recently repealed sentencing enhancement applicable for the intentional infliction of an injury upon a pregnant victim during the commission of a felony or attempted felony resulting in termination of the pregnancy.  <u>Id.</u> at 2-3.  Plaintiff describes a May 2002 car accident, apparently involving himself and his then-pregnant wife in a collision with two "white males . . . profiled as skinheads" in a "white Aries K-car."  <u>Id.</u> at 3-7.  He admits having indicated to law enforcement officials at the accident scene that he was the driver, because his wife (who had actually been driving) had her driver's license suspended due to a DUI conviction.  <u>Id.</u> at 4-5.  Plaintiff makes reference to his wife having had emergency care and tests in a hospital as a precaution for her own health and that of the child she was carrying; the infant was apparently born in September of 2002.  <u>Id.</u> at 5-7.  Plaintiff makes a brief reference to his car insurance.  <u>Id.</u>, at 6.

Count Two, alleging treason, states in full: "Against this consists onlying [sic] in levying war against it, adhering to it's enemies and or giving them aid and comfort.  Ex (Comfort Inn) can be committed only by persons owing, Ex. (Towing Company) allegiance too."  <u>Id.</u> at 7.

Count Three purports to state a claim of Crimes Against Insured Property and Insurers under the California Penal Code.  The allegations involve interference with an attempt to rent property, <u>id.</u> at 8-9, and the failure of plaintiff's car insurance company to cover repairs following an act of vandalism, <u>id.</u> at 9.  Plaintiff contends he was told his coverage was limited to basic liability due to "the Obama Dream Act and Education Reform to be humerous in it's attempts [sic]."  <u>Id.</u>

Plaintiff goes on to state that the instant case is a "class action criminal and civil

3

case against the first White House adminstration" which has funded appointees secretly from "the East [C]oast music home of Def Jam Records. . . ." Id. at 10. He seeks the following remedies: "Diplomatic Diplomacy"; damages in the amount of $93.1 million, "secured with Financial Institution Lords of London"; Brazilian citizenship and nationalization; FCC and FAA licensing agreements; international shipping lane agreements, and unspecified reports from the World Medical Association, Centers for Disease Control and Prevention, and "World Agricultural Reports." Id. at 12.

*Discussion*

Plaintiff's incoherent allegations and frivolous requested forms of relief violate Rule 8 of the Federal Rules of Procedure. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

Plaintiff filed this action using the form for a complaint under 42 U.S.C. § 1983. "[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S.749, 750 (2004) (per curiam). Nothing plaintiff has alleged remotely implicates the conditions of his prison confinement.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must show a defendant acted under the color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The president of the United States, his wife and the unidentified White House staffers are quite clearly not state actors.

4

Nor, even if plaintiff's claims were lucid, would he have standing to sue anyone on the basis of an alleged violation of the California Penal Code. Claims of violation of state criminal statutes come within the province of state and county prosecutorial authorities, not that of individual citizens.

Further, plaintiff cannot bring a class action. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties) (citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80 (1978)); Warth v. Seldin, 422 U.S. 490, 499 (1974). In the first place plaintiff has made no motion pursuant to Fed. R. Civ. P. 23, seeking to have the court certify the instant matter as a class action. Moreover, plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); see also, McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (lay person lacks authority to appear as an attorney for others). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others. Plaintiff's privilege to appear in propria persona is a "privilege . . . personal to him. He has no authority to appear as an attorney for others than himself." McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). The denial of leave to amend is within the district court's discretion. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). In

5

1 | this case, the court can discern no manner in which plaintiff could cure the defects of his
2 | allegations.  This appears to be one of those relatively rare cases in which leave to amend would
3 | be patently futile.
4 |     For the reasons set forth above, this court finds that plaintiff's complaint is wholly
5 | frivolous, with defects for which no amount of amendment could provide a cure.  Accordingly,
6 | IT IS HEREBY ORDERED that this action is summarily dismissed with prejudice and this case
7 | is closed.
8 | DATED: April 25, 2013.

                                                ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE

AC:009
pell0651.ord